**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KEVIN SCHMITT,

      Appellant,

        v.

DEPARTMENT OF ENERGY,

      Agency.

DOCKET NUMBER
DC-0752-15-0797-I-1

DATE: March 18, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lawrence Berger, Esquire, Glen Cove, New York, for the appellant.

Jocelyn Richards, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective May 2, 2015, the agency removed the appellant from his GS‑13 Criminal Investigator position based on his failure to maintain his required Q‑level security clearance. Initial Appeal File (IAF), Tab 6 at 13‑15, 26‑27. The agency's Appeal Panel (AP) rendered its final decision to deny the appellant access to classified information on January 13, 2015, after the appellant had a hearing before the Office of Hearings and Appeals (OHA) in April 2014, and after he had appealed OHA's July 2014 initial decision denying him access to classified information to the AP. *Id.* at 28-54.

¶3 The appellant filed an appeal with the Board regarding his removal. IAF, Tab 1. He asserted that the removal could not be upheld because the agency's act of referring him for a clearance review was retaliation for his filing of two prior Board appeals, in violation of 5 U.S.C. §§ 2302(b)(9)(A)(ii), 2302(b)(12). IAF, Tab 6 at 3, Tab 12. He requested a hearing, but later withdrew that request.[2] IAF, Tab 1 at 2, Tab 9 at 4.

¶4 The administrative judge issued an initial decision, based on the written record, affirming the agency's removal action. IAF, Tab 14, Initial Decision

---

[2] He indicated that he wished to have a hearing if the Board determined that it has the authority to consider his prohibited personnel practice claims in this appeal. IAF, Tab 9 at 4.

(ID).  She found that: (1) the appellant's position required that he maintain a Q level security clearance; (2) the appellant's Q level security clearance was denied; (3) the agency provided the appellant the procedural protections of 5 U.S.C. § 7513; (4) neither a statute nor agency regulation gave the appellant a right to transfer to a nonsensitive position; (5) the appellant did not allege, and it did not appear, that the agency had an obligation to reassign him to a position that did not require a security clearance; and (6) the agency's action promoted the efficiency of the service.  ID at 6‑7.  As to the appellant's claims under 5 U.S.C. §§ 2302(b)(9)(A)(ii), 2302(b)(12), the administrative judge found that she could not consider them because the Board lacks authority to consider an appellant's affirmative defenses in an action taken based on the denial of a security clearance.  ID at 7‑9; IAF, Tab 9 at 3‑4.

¶5      The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  He does not dispute that the agency proved its charge by preponderant evidence, but argues that the administrative judge erred in rejecting his affirmative defenses.  *Id.*  The agency filed a response in opposition to the petition for review, to which the appellant did not reply.  PFR File, Tab 3.

¶6      The appellant argues on review that the agency's act of referring his security clearance for review, which was the catalyst for the denial of his clearance and his subsequent removal, was done in retaliation for his filing of two Board appeals.  PFR File, Tab 1 at 4, 10.  He contends that 5 U.S.C. § 1221(g)(4) authorizes the Board to order corrective action for retaliatory investigations and, as such, the administrative judge should have adjudicated his claim that the agency's investigation constituted a prohibited personnel practice under 5 U.S.C. §§ 2302(b)(9)(A)(ii), 2302(b)(12).  *Id.* at 4, 6‑8.  For the reasons set forth below, we disagree.

¶7      An investigation is not a personnel action.[3]  5 U.S.C. § 2302(a)(2)(A); *Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 7 (2007) (citing *Russell v. Department of Justice*, 76 M.S.P.R. 317, 323‑24 (1997)).  The Board will consider evidence of the conduct of an agency investigation when it is so closely related to a personnel action that it could have been pretext for gathering evidence to use to retaliate against an employee for whistleblowing.  *Johnson*, 104 M.S.P.R. 624, ¶ 7.  However, contrary to the appellant's assertions, 5 U.S.C. § 1221(g)(4) does not create a separate cause of action for retaliatory investigations.  S. Rep. No. 112‑155, at 20‑22 (2012).  Indeed, Congress considered and rejected the option of explicitly and specifically recognizing a retaliatory investigation as a personnel action, so as to avoid discouraging agencies from undertaking legitimate and necessary inquiries.  *Id.* at 21.  Congress opted instead to authorize an award of consequential damages once an employee is able to prove a claim under the Whistleblower Protection Act, if the employee can further demonstrate that an investigation was undertaken in retaliation for the protected disclosure.  *Id.* at 21‑22; *see* 5 C.F.R. § 1201.202(b)(2).  We therefore agree with the administrative judge that the only issue properly before her was the appellant's removal.  ID at 8.

¶8      The administrative judge also correctly found that she could not consider the appellant's reprisal claims as affirmative defenses.[4]  ID at 7‑9.  It is well

---

[3] The Board has jurisdiction to entertain claims under 5 U.S.C. § 2302(b)(12) only in the context of a corrective action proceeding brought by the Special Counsel pursuant to 5 U.S.C. § 1214, which the instant appeal is not.  5 U.S.C. § 1214(b)(4)(A); *Hugenberg v. Department of Commerce*, 120 M.S.P.R. 381, ¶ 25 (2013).

[4] The appellant also appears to contend that the agency's delay in referring his security clearance for investigation constituted harmful procedural error.  PFR File, Tab 1 at 4, 8−10.  We cannot consider this claim because, as previously explained, we lack jurisdiction over that action.  *See Daneshpayeh v. Department of the Air Force*, 57 M.S.P.R. 672, 682 n.9 (1993) (finding that the Board could not consider the appellant's harmful error claims because it lacked jurisdiction over his appeal), *aff'd*, 17 F.3d 1444 (Fed. Cir. 1994) (Table).

settled that the Board is precluded from reviewing allegations of prohibited reprisal when such an affirmative defense relates to the denial of a security clearance. *Doe v. Department of Justice*, 121 M.S.P.R. 596, ¶ 10 (2014); *see Kaplan v. Conyers*, 733 F.3d 1148, 1151, 1158-60 (Fed. Cir. 2013) (en banc), *cert. denied*, *Northover v. Archuleta*, 134 S. Ct. 1759 (2014) (citing *Department of the Navy v. Egan*, 484 U.S. 518, 529-31 (1988) (holding that the Board has no authority to review the underlying merits of a security clearance/access determination)).

¶9    Based on the foregoing, we find that the appellant has not established a basis for review. We thus affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the

Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.                                                                                      The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.